# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. SOWERS, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-CV-435-JED-FHM |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Report & Recommendation (R&R) (Doc. 23) of United States Magistrate Judge Frank H. McCarthy on review of a decision of the Commissioner of the Social Security Administration (Commissioner) finding the plaintiff, Gary L. Sowers, not disabled. Judge McCarthy recommends that the Commissioner's decision denying benefits be affirmed. Mr. Sowers filed objections to the R&R, and he requests that the Court award benefits or remand with instructions. (Doc. 24). The Court has reviewed the record and the objections, de novo.

**I.   Background**

Plaintiff applied for disability benefits in January 2012, and his application was denied initially and on reconsideration. Upon plaintiff's request, the Administrative Law Judge (ALJ) conducted a hearing on April 29, 2013. He issued a decision on May 22, 2013, denying disability benefits upon finding the plaintiff not disabled, which is the subject of this case. (Doc. 11, R. 9-25). At step five of the decisional process, the ALJ found that, based on the vocational expert's testimony and considering the plaintiff's age, education, work experience, and residual functional capacity (RFC), there are a significant number of jobs in the national economy that plaintiff is capable of performing. Thus, the ALJ found that the plaintiff is not disabled. (Doc. 11 at 24-25). As noted, Judge McCarthy recommends that the Court affirm the decision.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

The Court's task of reviewing the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castas v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## III. Discussion

### A. Issues regarding medical evidence

As he argued in his briefing considered by Judge McCarthy, the plaintiff argues that the ALJ "failed to properly evaluate, consider, and weigh the medical evidence." (Doc. 24 at 1). The Court has reviewed Dr. Smasal's reporting of the cognitive examination of the plaintiff (Doc. 11, R. 242-243), as well as the ALJ's decision, on the issues raised as to Dr. Smasal's opinion. In addition, the Court has reviewed Dr. Mertens's assessment of mental RFC (R. 259-262), and the Global Assessment of Functioning scores as opined in the record (R. 225, 234). For the same reasons set forth in the R&R, the Court concludes that the ALJ's decision properly

evaluated the medical record. The ALJ indicated that great weight was given to Dr. Smasal's consultative examination report and to Dr. Mertens's mental RFC assessment. (*See* R. 19). While the ALJ did not specifically reference every finding or opinion within those reports, it is clear that the ALJ considered them. An ALJ is not required to "discuss every piece of evidence" in the record. *Wall v. Astrue*, 561 F.3d 1048, 1068 (10th Cir. 2009). The Court's review of the ALJ's decision is focused on whether that decision "is supported by substantial evidence" from the "record as a whole." *Id.* Likewise, contrary to plaintiff's arguments, while a GAF score is some evidence, an ALJ is not required to mention or adopt every GAF score in his decision. *See Luttrell v. Astrue*, 453 F. App'x 786, 791-92 (10th Cir. 2011); *Holcomb v. Astrue*, 389 F. App'x 757, 759 (10th Cir. 2010).

The ALJ's decision is supported by substantial evidence in the record. In addition, the RFC included several restrictions that make it clear the ALJ considered the limitations that were supported by the medical evidence (*see* R. 16-18). The Court finds no error in the consideration of the medical evidence.

      B.      **Steps Four and Five**

Plaintiff argues that the ALJ erred at steps four and five by failing to consider, or by minimizing, plaintiff's impairments. Again, the Court has considered the record and the ALJ's decision and concludes that the decision is supported by substantial evidence. For the same reasons set forth in Judge McCarthy's R&R, the undersigned finds no error in the ALJ's determinations at steps four and five. (Doc. 23). Substantial evidence supports the ALJ's RFC determination and hypothetical questioning of the vocational expert. It is improper for this Court to reweigh the evidence. *White*, 287 F.3d at 905; *Rabon v. Astrue*, 464 F. App'x 732, 735-36 (10th Cir. 2012).

### C.     Credibility

Plaintiff alleges that the ALJ did not properly evaluate credibility as to plaintiff and the Third Party Function Report completed by plaintiff's friend, Barbara Rodman.  The ALJ explained the reasons he found that certain of plaintiff's claims of mental impairment "strain[ed] credulity," and he cited certain inconsistent reporting by plaintiff to medical professionals.  (R. 19).  With respect to Ms. Rodman's report, the ALJ sufficiently explained his decision to accord it little weight.  (*Id.*).  The ALJ's credibility findings are supported by the record, and the Court accords them deference.  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *see also Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (quoting *Hackett*, 395 F.3d at 1173) ("Credibility determinations are peculiarly the province of the finder of fact" and will not be upset where they are supported by and "closely and affirmatively linked to" substantial evidence).

## IV.    Conclusion

Having found no reversible error in the ALJ's decision, upon concluding that the ALJ applied the correct legal standards and his decision is supported by substantial record evidence, and agreeing with Judge McCarthy's R&R, the Court overrules plaintiff's objections (Doc. 24).  Accordingly, the Court **accepts** the R&R (Doc. 23) and the recommendation that the Commissioner's decision finding plaintiff not disabled be affirmed.  Accordingly, the Commissioner's decision is **affirmed**.

A separate Judgment will be entered forthwith.

DATED this 29th day of September, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

4